UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| NORTH COLLIN SPECIAL UTILITY DISTRICT, a political subdivision of the State of Texas | § § § § | |
| Plaintiff, | § § | |
| | § | Civil Action No.: 1-21-cv-807 |
| vs. | § § | |
| PETER LAKE, WILL MCADAMS, and LORI COBOS, in their official capacities as Commissioners of the PUBLIC UTILITY COMMISSION OF TEXAS; THOMAS GLEESON, in his official capacity as Executive Director of the PUBLIC UTILITY COMMISSION OF TEXAS;  MERITAGE HOMES OF TEXAS, LLC, a Texas limited liability company | § § § § § § § § § § § | Jury Trial Demanded |
| Defendants. | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

COMES NOW North Collin Special Utility District ("North Collin"), and for its Original Complaint against Defendants Peter Lake, Will McAdams and Lori Cobos, in their official capacities as Commissioners of the Public Utility Commission of Texas ("Commissioners"); Thomas Gleeson in his official capacity as Executive Director of the Public Utility Commission of Texas ("Gleeson"); and Meritage Homes of Texas, LLC ("Meritage"), respectfully states and alleges as follows:

**JURISDICTION AND VENUE**

1.      This Court has jurisdiction under 28 U.S.C. § 1331, as this case is based on a federal question claim brought under 7 U.S.C. § 1926(b) ("§ 1926(b)"), 42 U.S.C.

§ 1983 ("§ 1983"), and U.S. Const. art. VI, cl. 2, otherwise known as the Supremacy Clause. This Court has jurisdiction over Plaintiff's claims for declaratory judgment under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and Rule 57 of the Federal Rules of Civil Procedure.

2.    Venue is proper in this judicial district under 28 U.S.C. § 1391(b)(1) and (2) because at least one Defendant resides in this judicial district, and a substantial part of the events giving rise to Plaintiff's claims occurred, and continue to occur, in this judicial district.

## PARTIES

3.    North Collin is a political subdivision and an agent and instrumentality of the State of Texas created under the authority of Article XVI, Section 59 of the Texas Constitution and operating pursuant to, among others, Chapters 13, 49 and 65 of the Texas Water Code, furnishing water service to areas in Collin County, Texas. North Collin was formerly North Collin Water Supply Corporation, a non-profit public retail water utility, that converted to a special utility district in 2015, now North Collin Special Utility District.  North Collin Special Utility District also merged with and assumed all assets and debts of Altoga Water Supply Corporation in 2019.

4.    North Collin is indebted on three (3) loans made by the United States Department of Agriculture ("USDA") that qualify North Collin for the protections afforded by § 1926(b). North Collin holds the federal right to be the exclusive water service provider within any area for which North Collin has the legal right to provide

2

water service and has provided or has made water service available (can provide water service within a reasonable period of time), which includes the land described in the Decertification Petition referenced below. See *Green Valley Special Util. Dist. v. City of Schertz, Texas*, 969 F.3d 460, 465 (5th Cir. 2020) ("We hold that a utility has "provided or made available" service if it (1) has adequate facilities to provide service to the relevant area within a reasonable time after a request for service is made and (2) has the legal right to provide service.")

5.     North Collin moves the District Court to take judicial notice of the Decertification Petition pursuant to Federal Rules of Evidence Rule 201 and all other matters filed in said action pending before the Public Utility Commission of Texas in Docket No. 52442.

6.     The Commissioners are commissioners for the Public Utility Commission of Texas, a state agency ("PUC"). The Commissioners are named as Defendants solely in their official capacities as commissioners of the PUC. The Commissioners are charged with the primary responsibility for *inter alia*, implementing state laws relating to the use and conservation of natural resources, environmental protection and water service. The Commissioners may be served with process by serving each at the William B. Travis Building, 1701 N. Congress Ave. 7th Floor, Austin, TX 78701.

**North Collin seeks only prospective injunctive relief against the Commissioners.**

> To ensure the enforcement of federal law ... the Eleventh Amendment permits suits for prospective injunctive relief against state officials acting in violation of federal law.

*Pzifer, Inc. v. Texas Health & Human Servs. Comm'n*, No. 1:16-CV-1228-LY, 2017 WL 11068849, at *2 (W.D. Tex. Sept. 29, 2017) (quoting *Nelson v. Univ. of Tex. at Dallas*, 535 F.3d 318, 322 (5th Cir. 2008). See also *Green Valley* at 471 ("And second, the Ex parte Young exception "permits suits for prospective ... relief against state officials acting in violation of federal law." *Frew ex rel. Frew v. Hawkins*, 540 U.S. 431, 437, 124 S.Ct. 899, 157 L.Ed.2d 855 (2004).").

7.      Defendant Gleeson, in his official capacity as Executive Director of the PUC, is named as a Defendant solely with respect to his official capacity as Executive Director of the PUC. Gleeson may be served with process at the William B. Travis Building, 1701 N. Congress Ave. 7th Floor, Austin, TX 78701.

**North Collin seeks only prospective injunctive relief against Gleeson.**

8.      Defendant Meritage is a Texas limited liability company, authorized to conduct business in the State of Texas.  Meritage may be served with process on its registered service agent: Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company 211 E 7th Street, Suite 620, Austin, TX 78701 USA

### DEFENDANTS' VIOLATIONS OF § 1926(b)

9.      The Commissioners routinely disregard the federal protections that § 1926(b) afford water districts. On March 27, 2019, judgment was entered against the Commissioners in the following regard:

The court **ORDERS AND DECLARES:**

(1) PUC Officials' Final Order of September 28, 2016, in the matter titled Tex. Pub. Util. Comm'n, *Petition of Las Colinas San Marcos Phase ILLC*, Docket No. 46148 was entered in violation of 7 U.S.C. § 1926(b) and is void.

(2) **7 U.S.C. § 1926 preempts and voids the following section of Tex. Water Code § 13.254(a-6):** "The utility commission may not deny a petition received under Subsection (a-5) based on the fact that a certificate holder is a borrower under a federal loan program."

(3) **To the extent that Tex. Water Code § 13.254(a-5) directs PUC Officials to grant a petition for decertification that meets the requirements of that provision without regard to whether the utility holding the certification is federally indebted and otherwise entitled to the protections of 7 U.S.C. § 1926(b), the statute is preempted and is void.**

*Crystal Clear Special Util. Dist. v. Walker*, No. 1:17-CV-254-LY, 2019 WL 2453777, at *2 (W.D. Tex. Mar. 27, 2019) (Emphasis added). This ruling by the District Court was later vacated and remanded by the Fifth Circuit for reconsideration in light of *Green Valley*. However, the reasoning and analysis in *Crystal Clear* remain persuasive.

The District Court entered the following Orders and Declarations in *Crystal Clear:*

The court **ORDERS AND DECLARES:**

(1) PUC Officials' Final Order of September 28, 2016, in the matter titled Tex. Pub. Util. Comm'n, *Petition of Las Colinas San Marcos Phase ILLC*, Docket No. 46148 **was entered in violation of 7 U.S.C. § 1926(b)** and is void.

(2) **7 U.S.C. § 1926 preempts and voids** the following section of Tex. Water Code § 13.254(a-6): "The utility commission may not deny a petition received under Subsection (a-5) based on the fact that a certificate holder is a borrower under a federal loan program."

(3) To the extent that Tex. Water Code § 13.254(a-5) directs PUC Officials to grant a petition for decertification that meets the requirements of that provision without regard to whether the utility holding the certification is federally indebted and otherwise entitled to the protections of 7 U.S.C. § 1926(b), **the statute is preempted and is void.**

**IT IS FURTHER ORDERED** that the PUC, its officers, employees, and agents **are permanently enjoined** from enforcing in any manner the order of September 28, 2016, in the matter titled Tex. Pub. Util. Comm'n, Petition of Las Colinas San Marcos Phase I LLC, Docket No. 46148 (Final Order).

*Crystal Clear*, 2019 WL 243777 at *2. (Emphasis added).

10.    Prior to the District Court entering judgment against the Commissioners and declaring Tex. Water Code §§ 13.254(a-5) and (a-6) (predecessors of Tex. Water Code §§ 13.2541) void (relative to entities that enjoy the protection of § 1926(b)), the Commissioners suggested that they had no choice but to follow state law despite that law being *directly contradictory* to federal law. U.S. Magistrate Judge Andrew Austin (Western District) stated in his report and recommendation to the District Court:

Thus, regardless of whether § 13.254(a-5) explicitly directs the PUC to consider the provisions of 7 U.S.C. § 1926(b), *the PUC has no choice in the matter, as the Constitution compels it to consider that applicable federal law.* The fact that the PUC suggests otherwise is troubling. Generally, a court should be as circumscribed as possible when it determines the scope of a ruling invalidating a statute, and this is particularly true when there are both separation of powers and federalism issues implicated, as there are here. **But the PUC Officials' suggestion that they have no choice but to follow state law even in the face of a directly contrary federal law—despite the fact that the agency has a general counsel and a staff full of attorneys**—supports Crystal Clear's argument that the Court should go further than simply enjoining enforcement of § 13.254(a-6).[4] Accordingly, the Court has added in its recommended relief, a declaration regarding § 13.254(a-5) as well.

*Crystal Clear Spec. Util. Dist. v. Walker*, No. A-17-CV-00254-LY, 2018 WL 6242370, at *4 (W.D. Tex. Nov. 29, 2018), *report and recommendation adopted as modified sub nom. Crystal Clear Spec. Util. Dist. v. Walker*, No. 1:17-CV-254-LY, 2019 WL 2453777 (W.D. Tex. Mar. 27, 2019) (emphasis added).

Despite *Crystal Clear* being vacated and remanded to the District Court by the Fifth Circuit for reconsideration in light of *Green Valley*, the factual history in *Crystal Clear* (in the context of the Commissioners disregarding federal law) remains unaltered.

11.    The Commissioners persistently disregard federal protections afforded by § 1926(b) to qualifying associations including North Collin. Despite being adequately warned in *Crystal Clear*, the Commissioners have continued to disregard federal law and continue to consider actions such as the Decertification Petition that is preempted by § 1926(b) and therefore void. The Commissioners have also been ordered temporarily restrained to consider a decertification petition in *Weston Water Supply Corporation v. Peter Lake, et al.*, U.S. District Court for the Western District of Texas (Austin Division), Case No. 1:21-CV-608-RP, premised on the fact that Weston Water Supply Corporation enjoys § 1926(b) protection. This action by the District Court in the *Weston Water* case has not persuaded the Commissioners from continuing to disregard § 1926(b) in other pending cases, as reflected in PUC Docket 52293 involving North Collin here.  Once the protections of § 1926(b) have attached, removal of territory from a USDA indebted water supply corporation is barred by § 1926(b) even if fair market value is paid for the territory sought to be

released/decertified. See *City of Madison, Miss. v. Bear Creek Water Ass'n, Inc.*, 816 F.2d 1057, 1060 (5th Cir. 1987) ("Even if fair value is paid for the lost facilities, such an action would inevitably have an adverse effect on the remaining customers of Bear Creek, in the form of lost economies of scale and resulting higher per-user costs.") See also *Pittsburg Cty. Rural Water Dist. No. 7 v. City of McAlester*, 358 F.3d 694, 716 (10th Cir. 2004) ("There is thus preemption of any local or state law that purports to take away from an indebted rural water association any territory for which the association is entitled to invoke the protection of § 1926(b).").

12.    On June 30, 2021, Defendant Meritage filed, pursuant to Tex. Water Code § 13.2541, its Petition with the PUC (Docket No. 52293)[1] seeking a decertification (release) of property purportedly owned by Defendant Meritage, which is situated within North Collin's Certificate of Convenience and Necessity ("CCN") No.11035. Meritage's Petition to decertify/remove/release a part of North Collin's CCN is a form of interference or taking prohibited by North Collin's federal rights under § 1926(b) and is a violation of § 1926(b). Meritage seeks to remove territory for which North Collin has made water service available. Such removal would reduce the customer pool for North Collin within North Collin's protected service area.

> Indeed, the type of encroachment contemplated by § 1926(b) is not limited to the traditional guise of an annexation followed by the city's initiation of water service. **It also encompasses other forms of direct action that effectively reduce a water**

---

[1] On August 13, 2021, Meritage filed its Motion to Sever, requesting its application for streamlined expedited release from North Collin's CCN be severed from Docket No. 52293. On August 24, 2021, Order No. 4 issued in Docket No. 52293 and Order No. 1 issued in Docket No. 52442 allowed Meritage's petition to be severed, where the petition from North Collin's CCN would be addressed in Docket No. 52242.

> **district's customer pool within its protected area.** *See id.* at 716
> [*McAlester's Pittsburg Cty. Rural Water Dist. No. 7 v. City of McAlester*,
> 358 F.3d 694, 716 (10th Cir. 2004)] ("[T]he question becomes whether
> McAlester's sales to customers ... purport to take away from Pitt 7's §
> 1926 protected sales territory.").

*Rural Water Dist. No. 4, Douglas Cty., Kan. v. City of Eudora, Kan.*, 659 F.3d 969, 985 (10th Cir. 2011) (emphasis added). All land Meritage seeks to decertify is situated within North Collin's CCN 11482.

13.    Defendant Meritage knew or should have known that the Texas statutes that the Petition for Decertification depends on are unconstitutional and void because they are preempted by § 1926(b).

14.    Defendants Commissioners and Gleeson knew or should know that a petition for decertification filed with the PUC pursuant to Tex. Water Code § 13.2541 against an entity such as North Collin, that is entitled to the protections of § 1926(b), is premised on Texas statutes that are preempted by federal law, void and unenforceable.

15.    Despite the foregoing, the PUC Commissioners have failed to dismiss the Decertification Petition referenced above, and the Commissioners are actively considering that Petition in violation of § 1926(b). Further warnings to the Commissioners would be futile, in light of the Commissioners' past history of disregarding § 1926(b). Only action by this Court enjoining the Commissioners and Gleeson, will cause the Commissioners and Gleeson to observe and obey federal law.

16.    North Collin is indebted on three (3) loans made by the USDA. ("Loans"). These Loans qualify the borrower (North Collin) for § 1926(b) protection. Each loan

is a "such loan" within the contemplation of § 1926(b). See *El Oso Water Supply Corp.
v. City of Karnes City*, Tex., No. SA-10-CA-0819-OLG, 2011 WL 9155609, at *5 (W.D.
Tex. Aug. 30, 2011), report and recommendation adopted, No. CIV. SA-10-CA-819-
OG, 2012 WL 4483877 (W.D. Tex. Mar. 19, 2012), judgment entered, No.
SA10CA0819-0G, 2012 WL 4747680 (W.D. Tex. Apr. 11, 2012) ("In affording a water
utility the protection of § 1926(b), federal courts have identified three requirements
that a water utility must establish: (1) that the utility is an "association" within the
meaning of § 1926; (2) that the utility has a qualifying federal loan outstanding; and
(3) that the utility "provided or made [service] available" to the disputed area.
*Chesapeake Ranch Water Co. v. Bd. of Comm'rs*, 401 F.3d 274, 278 (4th Cir.2005); *Le–
Ax Water Dist. v. City of Athens*, 346 F.3d 701, 705 (6th Cir.2003); see also *North
Alamo Water Supply Corp.*, 90 F.3d at 915 (omitting the first element).")

17.    The Decertification Petition admits that the property for which
decertification is sought is within CCN 11482, granted to North Collin by the State
of Texas.

18.    North Collin is entitled to § 1926(b) protection because (1) North Collin
is an association within the meaning of § 1926; (2) North Collin has the legal right to
and duty under CCN 11482 to provide water service to the property described in the
Meritage Decertification Petition; (3) North Collin is indebted on three (3) qualifying
Loans made by the USDA; and (4) North Collin has "made service available" because
of its nearby facilities/infrastructure maintained by North Collin (facilities on/within
and adjacent/nearby to the property described in the Decertification Petition) and

North Collin's physical ability to provide water service immediately or within a reasonable period of time to said property. Specifically, North Collin has (1) adequate facilities to provide water service to the area specified in the Decertification Petition within a reasonable time after a request for service is made; and (2) the legal right to provide water service. *Green Valley Spec. Util. Dist. v. City of Schertz, Texas*, 969 F.3d 460, 477 (5th Cir. 2020). In particular, North Collin has water facilities that are both within and immediately adjacent to the property sought to be decertified, and North Collin has water facilities (pipeline, well and pump station) a short distance from the property sought to be decertified available to help service the area sought to be decertified.

19.    North Collin's "territory" for which North Collin has the *legal right* and duty under its CCN 11482 to provide water service under Texas law, includes land identified in the Decertification Petition. This legal right cannot be diminished or altered once North Collin becomes indebted on a loan made by the USDA.

> In addition to these principles defining the protection § 1926(b) affords rural water districts from competition, **state law cannot change the service area to which the protection applies,** ***after*** **that federal protection has attached**. *See Pittsburg County,* 358 F.3d at 715. For instance, "where the federal § 1926 protections have attached, § 1926 preempts local or state law that can be used to justify a municipality's encroachment upon disputed area in which an indebted association is legally providing service under state law." *Pittsburg County,* 358 F.3d at 715 (quotation, alteration omitted).

*Rural Water Sewer & Solid Waste Mgmt. v. City of Guthrie*, 344 F. App'x 462, 465 (10th Cir. 2009), *certified question answered sub nom. Rural Water Sewer & Solid*

*Waste Mgmt., Dist. No. 1, Logan Cty., Oklahoma v. City of Guthrie*, 2010 OK 51, 253 P.3d 38 (Emphasis added).

20.    Defendant Meritage is attempting to diminish or alter the territory of North Collin through its Decertification Petition, all of which violates and is prohibited by § 1926(b).

21.    Any doubts regarding whether North Collin is entitled to the protections of § 1926(b) must be resolved in North Collin's favor. North Collin's territory is sacrosanct.

> In order to achieve both of these stated purposes, **"[d]oubts about whether a water association is entitled to protection fro m competition under § 1926(b) should be resolved in favor of the F[M]HA-indebted party seeking protection for its territory**." Sequoyah Cnty. Rural Water Dist. No. 7, 191 F.3d at 1197 (*citing* ***North Alamo Water Supply Corp.,*** 90 F.3d at 913[2] *and* ***Jennings Water, Inc.,*** 895 F.2d at 315 (citing five federal courts which have held that § 1926 should be liberally interpreted to protect FmHA-indebted rural water associations from municipal encroachment)).

> In addition to interpreting § 1926(b) broadly to "indicate a congressional mandate" that local governments not encroach upon the services provided by federally indebted water associations, regardless of the method of encroachment, **the Fifth Circuit has gone so far as to denate "the service area of a federally indebted water association" as "sacrosanct", emphasizing the virtually unassailable right of an indebted association to protection from municipal encroachment.** ***North Alamo Water Supply Corp.,*** 90 F.3d at 915; ***see also Bear Creek Water Ass'n, Inc.,*** 816 F.2d at 1059 (affirming that one dollar of debt would be enough to afford the statute's protection because Congress "literally proscribed interference by competing facilities ... 'during the term of said loan'").

*El Oso Water Supply Corp. at \*6, supra.*

---

[2] *North Alamo* has been overruled on other grounds by *Green Valley Special Util. Dist. v. City of Schertz, Texas*, 969 F.3d 460 (5th Cir. 2020).

## Count 1

## Violation of 42 U.S.C. § 1983 and § 1926(b) at Equity

## Commissioners and Gleeson

22.     North Collin incorporates all allegations above.

23.     In order to state a cause of action under 42 U.S.C. § 1983, North Collin must allege only that some person has threatened to deprive or has deprived it of a federal right and that such person acted under color of state or territorial law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980).

24.     North Collin has a federal right under § 1926(b) to be protected from any curtailment or limitation of its right to sell water within North Collin's territory.

25.     Actions of the Commissioners and Gleeson constitute an attempt to deprive North Collin of its § 1926(b) federal rights.

26.     The actions of the Commissioners and Gleeson are conducted under color of state law by virtue of their statutory power to decertify land situated within the boundaries of North Collin's CCN for which North Collin has made water service available, as the term "made water service available" has been interpreted by the Fifth Circuit and other Federal Circuit Courts of Appeal, after North Collin became indebted on a loan which qualified North Collin for § 1926(b) protection.

27.     North Collin suffered or is in immediate jeopardy of suffering loss and damage as a result of the wrongful acts of the Commissioners and Gleeson in connection with the Decertification Petition.

28.     North Collin is a proper party plaintiff for a claim presented under 42 U.S.C. § 1983, and the Defendants Commissioners and Gleeson are also proper parties, despite the decision in *City of Safety Harbor v. Birchfield*, 529 F.2d 1251 (5th Cir. 1976). *Birchfield* has been implicitly overruled by *Green Valley Special Util. Dist. v. City of Schertz, Texas*, 969 F.3d 460, 475 n.26 (5th Cir. 2020) (noting that although the Court has not yet "formally overruled *Birchfield*… one of the rationales undergirding it has been abrogated.") Moreover, *Birchfield* has been implicitly overruled by *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 690, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).  North Collin is enforcing its federal *statutory* rights here, not constitutional rights. In addition, even if *Birchfield* remains operative, which North Collin denies/disputes, North Collin has a cause of action against the Commissioners and Gleeson at equity under § 1926(b). *Green Valley, supra* at 475. ("Ultimately, however, we need not decide whether to pull the PUC Officials back from the precipice. Birchfield stands as no obstacle to having this case proceed against the PUC Officials, because Green Valley has a cause of action against them at equity, regardless of whether it can invoke § 1983.").

## Count 2

### Declaratory Judgment – 7 U.S.C. § 1926(b) – All Defendants

29.     North Collin incorporates by reference all allegations above.

30.     This claim is brought pursuant to and in accordance with 28 U.S.C. §§ 2201 and 2202 seeking a declaration of the rights and other legal relations of the Parties under § 1926(b).

31.    There exists an actual case or controversy between North Collin and all of the Defendants concerning the Commissioners or Gleeson's authority to decertify (release) a portion of North Collin's CCN, namely to remove the land described in the Decertification Petition from North Collin's territory (its CCN) to allow and to obtain water service from another competitive entity. Water sales by a neighboiring municipality or other entity formed to provide water service to the land described in the Decertification Petition is strictly prohibited by § 1926(b). The Decertification Petition is directly prohibited and is contemplated/intended to negatively affect North Collin's rights under §1926(b) to be the exclusive water service provider to the land specified in the Decertification Petition.

32.    Section 1926(b) prohibits decertification (release or taking) of any portion of North Collin's CCN if the decertification would function to limit or curtail the water service provided or made available by North Collin or allow competition with North Collin within North Collin's CCN, or function to impair the collateral pledged to secure the Loans referenced above or deprive the USDA of its rights in the collateral or deprive the rights enjoyed by North Collin's members/customers. Decertification of North Collin's territory/CCN is prohibited under the Fifth Circuit's "bright-line" rule. *City of Madison, Miss. v. Bear Creek Water Ass'n, Inc.,* 816 F.2d 1057, 1059 (5th Cir. 1987) (endorsing a "bright-line rule which categorically prohibits encroachment in a federally indebted rural water provider's territory). The threatened decertification violates North Collin's § 1926(b) rights and any order issued by the PUC or Commissioners, if issued, shall be a nullity, void, unenforceable

and of no force or effect. *Green Valley*, 969 F.3d 969 F.3d at 473 (holding that special utility district's request for declaratory relief against PUCT's "continuing conduct" and to prohibit "the PUC Officials' grant of relief" was properly construed as "prospective relief… not barred by the Eleventh Amendment"). Moreover, North Collin has the responsibliity to initiate action to prevent/prohibit violations of § 1926(b), pursuant to 7 C.F.R. § 1782.14(b).[3]

33.     Texas Water Code Section Section 13.2541(d), previously numbered as 13.254 (a-6),) states  in pertinent part: "The utility commission may not deny a petition based on the fact that a certificate holder is a borrower under a federal loan program." Tex. Water Code § 13.2541(d). This statutory language is void because it violates the Supremacy Clause. The Commissioners were parties to *Crystal Clear*, and were provided specific notice that the Commissioners had no choice but to recognize and obey federal law. *Crystal Clear*, 2019 WL 2453777.

34.     Regardless of whether the Texas Water Code explicitly directs the PUC to disregard the provisions of § 1926(b), the PUC has no choice in the matter, as the Constitution compels it to consider and comply with applicable federal law. *See Crystal Clear Spec. Util. Dist. v. Walker*, No. A-17-CV-00254-LY, 2018 WL 6242370, at *4 (W.D. Tex. Nov. 29, 2018), report and recommendation adopted as modified sub nom. *Crystal Clear Special Util. Dist. v. Walker*, No. 1:17-CV-254-LY, 2019 WL 2453777 (W.D. Tex. Mar. 27, 2019).

---

[3] "(b) Responsibility for initiating action in response to those actions prohibited by 7 U.S.C. 1926(b) rests with the borrower." 7 C.F.R. § 1782.14

35.    The Texas Water Code section 13.2541(d)  is unconstitutional for the reason that it interferes with North Collin's rights under § 1926(b). Any action by the Commissioners or Gleeson  to decertify or remove portions of North Collin's CCN would frustrate an important federal statutory scheme intended to promote rural development as codified in 7 U.S.C. § 1926 and to accomplish the congressional purposes of § 1926(b) as described in *City of Madison*, *supra*.[4]

36.    Texas Water Code section 13.2541(d) upon which the Decertification Petition is premised must be declared preempted, void, and unconstitutional because this statute is  in direct conflict with § 1926(b), including its underlying purpose and objective. As a result, the Commissioners and Gleeson have no authority to act upon the Decertification Petition relative to North Collin's territory or CCN, and Meritage has no lawful right to pursue its Decertification Petition under a void statute.

37.    North Collin has suffered damages in the form of legal expense associated with resisting the Decertification Petition before the PUC in a sum not less that $10,000. North Collin seeks damages solely against  Meritage not against the Commissioners or Gleeson.

---

[4] "This history indicates two congressional purposes behind § 1926: 1) to encourage rural water development by expanding the number of potential users of such systems, thereby decreasing the per-user cost, and 2) to safeguard the viability and financial security of such associations (*and FmHA's loans*) by protecting them from the expansion of nearby cities and towns." *City of Madison, Miss. v. Bear Creek Water Ass'n, Inc.*, 816 F.2d 1057, 1060 (5th Cir. 1987) (emphasis added).

## Count 3

### Injunctive Relief – All Defendants

38.     North Collin incorporates by reference all allegations above.

39.     North Collin does not have a proper and adequate remedy at law and injunctive relief is a proper remedy for violation of § 1983 as well as for violations of § 1926(b).

### Jury Demand – North Collin demands a jury trial
### as to all issues triable by jury.

### Prayer

North Collin prays the Court grant the following relief:

1.     The Court enter a declaration that Texas Water Code section 13.2541(d) on which the Decertification Petition is premised, is preempted to the same extent and in the same manner as described in *Crystal Clear*.

2.     The Court enter a permanent injunction against Defendant Meritage from the further presentation or prosecution of the pending Decertification Petition.

3.     The Court enter a permanent prospective injunction against Defendant Commissioners and Defendant Gleeson from any further consideration, or granting relief under the Decertification Petition, and if any relief is granted by these Defendants, permanently enjoining these Defendants from any enforcement of any order issued granting the Decertification Petition or implementing action in furtherance of decertification.

4.     The Court enter an order declaring that any action taken by Defendant Commissioners and Defendant Gleeson to grant the Decertification Petition is unlawful.

5.     The Court award damages, attorney fees and costs of this action as may be permitted by federal law against Defendant Meritage  only.

6.     The Court grant such other and additional relief to which North Collin demonstrates it is entitled.

Respectfully submitted,

**ALLENSWORTH AND PORTER, L.L.P.**
100 Congress Avenue, Suite 700
Austin, Texas  78701
(512) 708-1250  Telephone
(512) 708-0519  Facsimile

By: /s/ *Will W. Allensworth*
Will W. Allensworth
State Bar No. 24073843
wallensworth@allensworthlaw.com
Karly A. Houchin
State Bar No. 24096601
khouchin@allensworthlaw.com

**DOYLE HARRIS DAVIS & HAUGHEY**
Steven M. Harris, OBA #3913
Michael D. Davis, OBA #11282
Max Harris, OBA #22166
2419 East Skelly Drive
Tulsa, OK 74105
(918) 592-1276 (telephone)
(918) 592-4389 (fax)
steve.harris@1926blaw.com
mike.davis@1926blaw.com
max.harris@1926blaw.com

**THE LAW OFFICE OF JAMES W. WILSON**
Maria Huynh
State Bar No. 24086968
103 W. Main Street
Allen, Texas 75013
(972) 727-9904
(972) 755-0904 (fax)
mhuynh@jww-law.com

***ATTORNEYS FOR PLAINTIFF***